1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD P. SULLIVAN,

11             Petitioner,                    No. CIV S-09-1326 DAD P

12        vs.

13   EVANS,                                   ORDER AND

14             Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 judgment of conviction and

18   sentence entered in the Butte County Superior Court on six counts of second degree robbery

19   following his guilty plea.  (Petition at 1; Resp't Reply at 1.)  Petitioner is serving a state prison

20   sentence of ten years.  (Petition at 1.)  Before the court is respondent's motion to dismiss the

21   petition based on petitioner's alleged failure to exhaust his federal habeas claims by first

22   presenting then to the California Supreme Court.

23   I.  The Parties' Arguments

24             Respondent asserts that the only appeal or collateral attack on his conviction filed

25   by petitioner with the California Supreme Court, was a single petition for writ of habeas corpus.

26   That state habeas petition was denied by the California Supreme Court with a citation to the

decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995).  According to respondent, because a citation to Duvall means that petitioner failed to present his claims with sufficient particularity, petitioner was required to file a new habeas petition with the California Supreme Court wherein he re-alleged his claims with greater particularity and with supporting evidence.  Having failed to do so, petitioner's claims are unexhausted according to respondent.

Petitioner argues that in his state habeas petition he presented the California Supreme Court with all the facts necessary to state a claim for relief and that he has therefore exhausted state court remedies.  According to petitioner, in both his habeas petitions filed with the California Supreme Court and to this court, he has claimed that the trial court erred in imposing an aggravated and consecutive term of imprisonment in his case based on facts that he neither admitted to in his plea bargain nor were found true by a jury.  Petitioner points out that in his habeas petition filed with the California Supreme Court, he alleged as follows:

> **Claim One**:  The trial court erred in imposing an aggravated term of imprisonment based upon facts neither alleged in the information nor found true by a jury beyond a reasonable doubt.
>
> Supporting facts:  In imposing an aggravated term in this case, the trial court justified it's [sic] decision based on judicial findings that the crime involved the threat of great bodily injury, appellant was armed with a weapon, the crime was premeditated and the crime involved violence.  Appellant did not admit to those factors in his plea agreement nor was appellant afforded an opportunity to have such factors submitted to a jury to be determined beyond a reasonable doubt.
>
> Imposition of an aggravated sentence based on facts neither admitted to by appellant nor found true by the jury beyond a reasonable doubt violated appellant's constitutional rights to a jury trial and to have each factor used to increase or enhance his sentence proven beyond a reasonable doubt.  The error was prejudicial.  The trial court failed to articulate a single statutory aggravating factor admitted to by appellant to justify imposition of the aggravated term.
>
> **Claim Two**:  The trial court erred in imposeing [sic] consecutive terms of imprisonment based on facts neither alleged in the information nor found true by a jury beyond a reasonable doubt.
>
> Supporting facts:  In imposeing [sic] consecutive [sic] terms in this case the trial court noted the crimes and their objectives were

1    predomaintly [sic] independent of each other, the crimes involved
     separate [sic] acts of violence or threats of violence, and the crimes
2    were committed at different locations.  Not one of these factors
     was admitted to by the appellant in his plea.  The basis for the trial
3    courts [sic] decision to impose consecutive, rather then [sic]
     concurrent terms of imprisonment, were neither submitted to nor
4    found true by a jury beyond a reasonable doubt.  The trial court
     erred in imposeing [sic] consecutive terms.  To impose consecutive
5    terms, the trial court is obligated to state it's [sic] findings on the
     record why such a term is necessary.  This was done here.
6    Had the trial court not considered these factors in aggrevation [sic],
     it would not have been in a postion [sic] to impose consecutive
7    terms.  The error was prejudicial and certainly not harmless beyond
     a reasonable doubt.  There fore [sic] this court should reverse.

8

9    (Lod. Doc. 1 at 3-4.)

10          Petitioner argues that the California Supreme Court's citation to Duvall in

11   denying him relief simply means that "the court was not of the opinion that Sullivan had made a

12   *prima facie* showing for relief.  Not that he had failed to exhaust.  [sic]"  (Opp'n at 3.)

13          In reply, respondent argues that the California Supreme Court's citation to Duvall

14   signaled that the defects in petitioner's state habeas petition could be remedied.  (Reply at 2.)

15   Respondent points out that petitioner's two claims for state habeas relief were supported by only

16   two paragraphs of alleged facts and that petitioner did not attach any evidence to his state petition

17   in support of his claims.  (Id.)  Respondent contends that because petitioner could have re-alleged

18   his claims with greater particularity and submitted any supporting evidence in existence, his state

19   petition was not adequate to satisfy the exhaustion requirement.  (Id.)

20   II.  The Exhaustion of State Remedies Requirement

21          A petitioner satisfies the exhaustion requirement by fairly presenting to the

22   highest state court all federal claims before presenting the claims to the federal court.  See

23   Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

24   Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A

25   federal claim is fairly presented if the petitioner has described the operative facts and the federal

26   legal theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation

1  requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]

2  asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)

3  (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),

4  overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.

5  Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

6  III.  Discussion

7          The California Supreme Court denied petitioner's state habeas petition without

8  comment other than providing a citation to People v. Duvall.  (Lod. Doc. 2 at 1.)[1]  Relying on

9  that bare citation, respondent argues that petitioner has failed to exhaust state court remedies.

10  Federal courts, however, must independently examine the state habeas petition to the California

11  Supreme Court and determine whether the claims were fairly presented to satisfy the exhaustion

12  requirement.  Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986) ("It is therefore incumbent

13  upon us, in determining whether the federal standard of 'fair presentation' of a claim to the state

14  courts has been met, independently to examine . . . [petitioner's] petition to the California

15  Supreme Court.").  The California Supreme Court's citation to Duvall does not automatically

16  mean that petitioner has failed to exhaust state court remedies.  See Kim v. Villalobos, 799 F.2d

17  at 1320 ("The mere citation of In re Swain does not preclude [federal habeas] review.")[2]; see also

18  Spence v. State of California, No. CIV F-08-0045 AWI YNP DLB (HC), 2009 WL 1949102, at

19  *5 (E.D. Cal. July 6, 2009) (rejecting the argument that petitioner failed to exhaust his habeas

20

21          [1]  Respondent has lodged with this court the California Supreme Court's docket sheet in
petitioner's state habeas action as it appears on the California Appellate Courts website.
22  Petitioner does not dispute that his petition was denied without comment other than a citation to
People v. Duvall.

23
        [2]  Just as is the case with a mere citation to the decision in People v. Duvall, a citation to
24  In re Swain, means that a petitioner has failed to state his claim with sufficient particularity.  See
Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) ("[I]f the petitioner did not 'allege
25  with particularity the facts upon which he would have a final judgment overturned,' the
California Supreme Court will cite In re Swain, 1949, 34 Cal. 2d 300, 209 P.2d 793, in its
26  postcard order.").

1   claims in state court based merely on the California Supreme Court's citation to the decisions in

2   Swain and Duvall because petitioner had pleaded his claims in his state habeas petition with

3   reasonable particularity and his arguments therein seemed quite clear); Walker v. Tilton, No. CIV

4   F-07-1256 WWS, 2009 WL 1155663, at *3 (E.D. Cal. Apr. 29, 2009) (rejecting the argument

5   that the petitioner failed to exhaust state court remedies based on California Supreme Court's

6   mere citation to Swain and Duvall in denying relief since petitioner's state petition "stated his

7   claims for relief, the facts supporting the claims, and cited specific provisions of the U.S.

8   Constitution and relevant state and federal cases"); Moore v. Marshall, No. EDCV 07-1481

9   MMM(CT), 2009 WL 363280, at *5-6 (C.D. Cal. Feb. 12, 2009) (rejecting the argument that

10   petitioner failed to exhaust state court remedies based merely on the California Supreme Court's

11   citation to Duvall in denying relief because petitioner's state petition was based upon the same

12   legal theories and operative facts as those alleged in his federal petition); see also Davis v. Silva,

13   511 F.3d 1005, 1011 (9th Cir. 2008) (a pro se state habeas petition read generously, as precedent

14   demands, fairly presented both the legal theory and operative facts to the California Supreme

15   Court, thereby satisfying exhaustion requirement).

16          In petitioner's habeas petition filed with the California Supreme Court, he

17   claimed that the trial court had erred in imposing an "aggravated sentence" and consecutive terms

18   of imprisonment in his case based on facts which were not considered or determined by the jury,

19   not admitted by petitioner in his plea agreement, and not alleged in the charging information.

20   (Lod. Doc. 1 at 3-4.)  Petitioner alleged that in imposing the aggravated sentence, the trial court

21   made the following determinations:  (1) the crime involved the threat of great bodily injury, (2)

22   petitioner was armed with a weapon, (3) the crime was premeditated, and (4) the crime involved

23   violence.  (Id. at 3.)  In imposing a consecutive term of imprisonment, petitioner alleged in his

24   state habeas petition that the sentencing court relied on the following factors:  (1) the crimes and

25   objectives were predominantly independent of each other, (2) the crimes involved separate acts

26   of violence or threats of violence, and (3) the crimes were committed at different locations.  (Id.

at 4.)  In support of his first claim for habeas relief, petitioner cited the California Supreme to the decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>Cunningham v. California</u>,549 U.S. 270 (2007), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  In support of his second state habeas claim, petitioner cited to the decisions in <u>Blakely</u>, <u>Chapman v. State of California</u>, 386 U.S. 18 (1967) and <u>In re Sandel</u>, 64 Cal. 2d 412, 416 (Cal. 1966).  In his federal habeas petition, now pending before this court, petitioner also challenges the aggravated prison term and consecutive sentences imposed in his case as violating his constitutional right to trial by jury.

This court has independently reviewed the habeas petition filed by petitioner with the California Supreme Court and finds that petitioner provided the state court the operative facts with sufficient particularity to allow the highest state court to rule upon the constitutional principle upon which his claim for relief was based.  <u>See</u> <u>Davis v. Silva</u>, 511 F.3d at 1009 ("[T]o exhaust the factual basis of the claim, the petitioner must only provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.") (internal quotation marks omitted).  In this regard, petitioner specifically referred to the trial court's findings that he seeks to challenge and he provided the relevant federal authorities upon which his federal constitutional claims were based.  "Fair presentation" requires only that claims be alleged with as much particularity as is practicable. <u>See</u> <u>Kim v. Villalobos</u>, 799 F.2d at 1320.  The state high court clearly had a fair opportunity to pass on each of petitioner's claims before petitioner presented them to this federal court.[3]

Therefore,  respondent's motion to dismiss should be denied.

_____

[3]  The court is aware that under <u>Duvall</u>, a state habeas petitioner must state with particularity the facts on which relief is sought, "as well as . . .include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  <u>Duvall</u>, 9 Cal. 4th at 474.  Here, petitioner did not attach any exhibits to his state habeas petition.  However, "[e]xhaustion . . . does not require a habeas petitioner . . . [to] present to the state courts *every piece of evidence* supporting his federal claim in order to satisfy the exhaustion requirement."  <u>Davis v. Silva</u>, 511 F.3d at 1009 (emphasis in original).  Here, the exhaustion requirement was satisfied because petitioner's habeas claims were fairly presented to the California Supreme Court.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 28, 2009 motion to dismiss (Doc. No. 10) be denied; and

2. Respondent be ordered to file his answer to the petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2010.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:;4
sull1326.mtd

7