IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD P. SULLIVAN,

    Petitioner,               No. CIV S-09-1326 DAD P

    vs.

EVANS,

    Respondent.          ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 judgment of conviction and sentence entered in the Butte County Superior Court on six counts of second degree robbery.  Petitioner is serving a state prison sentence of ten years.  He seeks relief on the ground that the trial court violated his Sixth Amendment right to a jury trial by sentencing him to an aggravated consecutive term of imprisonment based on facts that he neither admitted in entering his no contest pleas pursuant to a plea bargain nor were found to be true by a jury.  Upon careful consideration of the record and the applicable law, the undersigned concludes that petitioner's application for habeas corpus relief must be denied.

/////

/////


# FACTUAL AND PROCEDURAL BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction, the California Court of Appeal for the Third Appellate District provided the following factual summary which is supported by the record before this court[1]:

> Following an apparent crime spree he claims to have undertaken to pay a drug debt, defendant Edward Paul Sullivan entered a negotiated no contest plea to six counts of second degree robbery. (Pen. Code, § 211.)  According to the probation report, defendant used an air pistol to threaten the victims into giving up cash.
>
> Defendant was sentenced to a state prison term of 10 years, comprised of the upper term of five years on count 1, plus consecutive one-year terms (one-third the midterm) for each of the remaining five counts.
>
> * * *
>
> When pleading no contest, defendant made three stipulations which resolve the issues raised in this appeal.  First, defendant stipulated: "[T]here is a factual basis for my plea(s) [and admission(s) ] and I further stipulate the court may take facts from probation reports, police reports or other sources as deemed necessary to establish the factual basis."  Second, he stipulated that "the matter of probation and sentence is to be determined solely by the superior court judge" and, finally, he stipulated by <u>Harvey</u> waiver that "the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."  Defendant also acknowledged on the plea form that the court could sentence him to a maximum aggravated term of 10 years, and could impose consecutive sentences.
>
> The probation report summarized the facts of the case.  On August 10, 2005, defendant robbed a check cashing store of $844. [FN1]
>
> FN1. All figures are approximate.

---

[1] <u>See</u> Clerk's Transcript on Appeal (erroneously submitted by respondent bearing the title "Court Reporter's Transcript" and hereinafter referred to as "CT") at 16-19 (information charging petitioner with six counts of second degree robbery, five of which included special allegations of use of a deadly weapon, dated February 23, 2006); <u>id</u> at 24-28 (petitioner's plea of no contest to six counts of second degree robbery, with all enhancement allegations dismissed, dated April 20, 2006); <u>id</u>. at 35-78 (petitioner's probation report, dated June 14, 2006); <u>id</u>. at 84-85 (abstract of judgment reflecting petitioner's sentence of a ten year aggregate term in state prison, dated June 14, 2006).

He brandished a firearm before demanding money and he tied one of the two female employees to a chair. The women suspected the gun could have been a "fake" but were not sure.

Three months later, defendant robbed a Safeway gas station after grabbing a pistol concealed in his waistband and exposing the weapon to the clerk. The clerk believed the gun was authentic and gave defendant $400.

On November 12, defendant robbed the Safeway gas station again: he brandished a handgun at the checkout counter and demanded that the clerk give him all the money from the cash till and from under the register drawer. Both the clerk and two boys who hid in the store during the robbery believed the gun was authentic and described it to police.

On November 17, defendant robbed a credit union of between $3,900 and $5,000 after he pointed a gun at a teller and demanded money. Defendant ordered one of the other employees to lie on the ground. All of the employees believed the gun was real.

On December 23, defendant robbed a second credit union of $140 from a deposit envelope after he pointed a handgun at a female employee working at a desk and demanded money. She was " 'scared to look at the handgun' " and, afterward, he ordered her to lie on the floor.

Finally, on December 29, defendant robbed the Safeway gas station a third time. The clerk told police a man (later identified as defendant) pointed a handgun at him, demanded all the money in the cash register and, when the clerk failed to hand him the money fast enough, started removing bills from the drawer himself.

Although he initially told police an acquaintance committed the robberies, after his arrest defendant admitted that he had committed all the robberies, and the weapon he used proved to be a black air pistol. In a statement contained in the probation report, defendant said he used a "BB gun" in the robberies, and was under the influence of Oxycontin during each crime. He wore a stocking mask and in each of the robberies he waited until there were no customers in the business before entering. He committed the robberies because he owed over $9,700 to the supplier of the Oxycontin pills defendant sold. He committed the last robbery because he "was '$300 short' " on his drug debt, and stopped when the debt had been fully paid.

At sentencing, the trial court ruled that the upper term was justified because the crime "involved the threat of great bodily injury. The defendant was armed with a weapon, the crime was premeditated and the crime involved violence indicating the defendant is dangerous." Defendant has no prior felony convictions and his

3

        criminal history played no part in the court's stated sentencing choices.

(Resp't's Lod. Doc. 3 (hereinafter, "Opinon") at 1-5.)

        As noted by the state appellate court, in the plea form filed with the trial court petitioner entered into the following notable stipulations:

> 4. I stipulate there is a factual basis for my plea(s) [and admissions] and I further stipulate the court may take facts from probation reports, police reports or other sources as deemed necessary to establish the factual basis.
>
> * * *
>
> I understand that I have the following constitutional rights, which I now give up in order to plead guilty or no contest : . . . 12. the right to be tried by a jury in a speedy public trial.
>
> * * *
>
> 17. I understand that I may serve this maximum sentence as a result of my plea: 10 yrs in state prison[.]
>
> * * *
>
> 19. My attorney has explained to me that other possible consequences of my plea(s) . . . may be . . . : (a) consecutive sentences[.]
>
> * * *
>
> 28. I do understand that the matter of probation and sentence is to be determined solely by the superior court judge.
>
> * * *
>
> 29. (<u>Harvey</u> Waiver[2]) I stipulate that the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation,

---

[2] Under California law, a <u>Harvey</u> waiver permits a sentencing court to consider the facts underlying counts that are dismissed pursuant to a plea bargain, as well as in some cases other facts set forth in the probation report including those involving the background of the case, in determining the appropriate disposition as to the offense of which the defendant stands convicted. <u>People v. Harvey</u>, 25 Cal.3d 754 (1979); <u>see also</u> <u>People v. Mosher</u>, 50 Cal. App. 4th 130, 132-33 (1996).

ordering restitution or imposing sentence.

(CT at 24-27.) At the time of his entry of plea on April 20, 2006, petitioner again affirmed in open court that he understood that he had a right to a jury trial and that he was waiving that right, as well as all the other rights described in the plea form he had executed. (Reporter's Transcript on Appeal (hereinafter, "RT") at 1-2.)

At petitioner's sentencing hearing on June 14, 2006, the trial judge explained the court's basis for imposing a sentence of the five-year upper term plus five consecutive one-year terms as follows:

> As to the principal term the Court is imposing the upper term. The Court finds that to be the appropriate term because circumstances in aggravation outweigh those in mitigation as indicated by the following circumstances which the Court finds to have been proven by a preponderance of the evidence under California Rule of Court 4.421.
>
> The crime involved the threat of great bodily injury. The defendant was armed with a weapon, the crime was premeditated and the crime involved violence indicating the defendant is dangerous. No circumstances in mitigation are noted.
>
> Therefore, with respect to the principal term, count one, defendant is sentenced to the [D]epartment of [C]orrections for the upper term of five years. For each of the additional counts, . . . 2, 3, 4, 5, and 6, the defendant on each one of those counts is sentenced to a consecutive and subordinate term of one year which is one third the middle term on each of those counts.
>
> The consecutive order is due to the following circumstances. The crimes and their objectives were predominately independent of each other. They involved separate acts of violence or threats of violence and they were committed different times or places rather than being committed so closely in time and or place as to indicate a single period of aberrant behavior. Therefore, the defendant is sentenced to the [D]epartment of [C]orrections for the total term of ten years.

(RT at 11-12.)

On October, 24, 2007, the California Court of Appeal affirmed petitioner's judgment of conviction in a reasoned opinion. (Id. at 5-8.) On September 18, 2008, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Resp't's Lod. Doc.

1.) That court denied the petition on March 11, 2009. (Resp't's Lod. Doc. 2.)

On May 13, 2009, petitioner filed the instant federal habeas petition. (Doc. No. 1.) Respondent filed a motion to dismiss the petition for failure to exhaust state remedies (Doc. 10), which was denied on March 19, 2010. (Doc. No. 16.) On July 14, 2010, respondent filed an answer to the petition. (Doc. No. 23.) No traverse was filed. Both parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).[3] (Doc. Nos. 4, 9.)

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues <u>de</u> <u>novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall

---

[3] Plaintiff filed his consent on May 27, 2009. (Doc. No. 4.) Respondent filed a consent to jurisdiction by a U.S. Magistrate Judge on July 30, 2009. (Doc. No. 9.) However, the filing of the latter consent was not brought to the court's attention and on February 9, 2010, the assigned magistrate judge directed the clerk of the court to randomly assign the case to a District Judge for consideration of findings and recommendation issued that day. The filing of consents by both parties having been brought to the court's attention, this order of reassignment was entered on November 18, 2010. (Doc. No. 25.)

6

> not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

1  II. Petitioner's Claims

2  As noted above, petitioner claims that the trial court erred by sentencing him to
3  the upper term on the first count and consecutive terms on the remaining five counts of which he
4  was convicted, because the aggravated and consecutive sentences were based on facts not
5  admitted by him in court or found true by a jury beyond a reasonable doubt. (Pet. at 5.)
6  Respondent counters that petitioner waived his Sixth Amendment rights in his written plea
7  agreement and that the trial court's reliance at the time of sentencing on facts not admitted by
8  petitioner or found by a jury was therefore proper. (Mem. of P & A. in Supp. of Answer at 8-9.)
9  The undersigned weighs the merits of these arguments below.

1. Court of Appeal Opinion

The California Court of Appeal rejected petitioner's argument that his upper term sentence violated the Sixth Amendment, reasoning as follows:

> The sole question on appeal is whether the imposition of the upper term on count 1 based entirely on facts neither admitted by defendant nor found beyond a reasonable doubt to be true by a jury violated his Sixth Amendment right to a jury trial as set forth in Apprendi v. New Jersey (2000) 530 U.S. 466 (Apprendi ), Blakely v. Washington (2004) 542 U.S. 296 (Blakely), and Cunningham, supra, 549 U.S. [270]. We answer the question in the negative because defendant expressly waived his right to have facts used by the trial court to aggravate his sentence decided by a jury.
>
> Cunningham held that California's procedure for selecting the upper term under the determinate sentencing law violated a criminal defendant's Sixth and Fourteenth Amendment rights to jury trial "by assigning] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence." (Cunningham, supra, 549 U.S. at p. ----, --- S.Ct. at p. ---- [166 L.Ed.2d at p. 864].) In light of Cunningham, the United States Supreme Court remanded People v. Black (2005) 35 Cal.4th 1238 ( Black I ), which had held that the California procedure was constitutional under Apprendi, supra, 530 U.S. 466, Blakely, supra, 542 U.S. 296, and United States v. Booker (2005) 543 U.S. 220, earlier Supreme Court decisions that had addressed the issue. (Black v. California (2007) --- U.S. ---- [167 L.Ed.2d 36].) On remand, the California Supreme Court, in People v. Black (2007) 41 Cal.4th 799 ( Black II ), held that "imposition of an upper term sentence did not violate defendant's right to a jury trial, because at least one aggravating circumstance was established by means that

8

> satisfied] Sixth Amendment requirements and thus made him eligible for the upper term." (<u>Black II</u>, <u>supra</u>, 41 Cal.4th at p. 806.)
>
> Turning to the merits of defendant's challenge, we conclude that defendant's admissions and stipulations made him eligible for the upper term. <u>Apprendi</u> held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (530 U.S. at p. 490, italics added.) <u>Blakely</u> defined the "'statutory maximum'" to mean for <u>Apprendi</u> purposes "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (<u>Blakely</u>, <u>supra</u>, 542 U.S. at p. 303, italics omitted.)
>
> Defendant stipulated that the court could take facts from his probation report "as deemed necessary to establish the factual basis" for his plea. He also stipulated in a <u>Harvey</u> waiver that the judge could consider "the entire factual background of the case" when imposing sentence. The probation report included a statement in which defendant admitted committing all of the robberies (in which the victims reported he threatened them with a handgun most believed was genuine) for the sole purpose of paying a drug debt. He wore a mask designed to obscure his face and waited outside each establishment until he believed only employees remained. Thus, defendant's admissions support two of the factors in aggravation cited by the court: (1) that he was armed with a weapon (Cal. Rules of Court, rule 4.421(a)(2)); and that the manner in which the crimes were carried out indicated premeditation or planning (Cal. Rules of Court, rule 4.421(a)(8)).
>
> A <u>Harvey</u> waiver normally refers to an agreement that the sentencing judge may consider dismissed charges at sentencing. (See <u>Harvey</u>, <u>supra</u>, 25 Cal.3d 754.) Here, defendant's <u>Harvey</u> waiver was much broader, allowing the sentencing judge to consider "the entire factual background of the case." The broad waiver included the probation report, which the court considered without objection. Defendant also indicated that he understood that "the matter of probation and sentence [was] to be determined solely by the superior court judge.[")] On this record, we conclude that defendant knowingly and voluntarily waived his right to jury trial on the factual background of the case, and the court properly considered his admissions in identifying aggravating circumstances. (See <u>People v. Munoz</u> (2007) 155 Cal.App.4th 160.) Because a single legally sufficient circumstance is enough to render a defendant eligible for the upper term (<u>Black II</u>, <u>supra</u>, 41 Cal.4th at pp. 815-816), defendant's admissions provided grounds for imposing the upper term for second degree robbery.

(Opinion at 5-8.)

2. <u>Applicable Law</u>

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U.S. Const. amends. V, VI, XIV. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Subsequently, the United States Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04 (2004). In <u>Blakely</u> the Supreme Court also clarified the definition of "statutory maximum" for purposes of the constitutional rule: "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." 542 U.S. at 2537. Finally, in Cunningham v. California, 549 U.S. 270 (2007), the Supreme Court, citing the decisions in <u>Apprendi</u> and <u>Blakely</u>, held that California's Determinate Sentencing Law violated a defendant's right to a jury trial to the extent it permitted a trial court to impose an upper term based on facts found by the court rather than by a jury. The Supreme Court also determined that "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." 549 U.S. at 288.[4]

Following the decision in <u>Cunningham</u>, the California Supreme Court held that:

> so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in

---

[4] The Ninth Circuit has held that <u>Cunningham</u> may be applied retroactively on collateral review. <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008), <u>cert.</u> <u>denied</u> ___U.S.___, 129 S. Ct. 767 (2008).

> exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury.

People v. Black, 41 Cal.4th 799, 813 (2007) ("Black II"). The California Supreme Court has also found that as long as one aggravating circumstance is established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge. People v. Towne, 44 Cal. 4th 63, 75 (2008); Black II, 41 Cal.4th 812-13; see also People v. Osband, 13 Cal. 4th 622, 728 (1996). The Ninth Circuit Court of Appeals has recognized that under California law only one aggravating factor is necessary to authorize an upper term sentence. Kessee v. Mendoza-Powers, 574 F.3d 675, 676 n.1 (9th Cir. 2009) (citing Butler v. Curry, 528 F.3d 624, 641-43 (9th Cir.), cert. denied ___U.S.___, 129 S. Ct. 767 (2008)).

Most importantly to the disposition of the pending petition, the United States Supreme Court has expressly recognized that a defendant entering into a plea agreement may waive his right to a jury trial on additional facts used to impose an enhanced sentence, stating: "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact-finding." Blakely, 542 U.S. at 310 (citing Apprendi, 530 U.S. at 488 and Duncan v. Louisiana, 391 U.S. 145, 158 (1968)). See also United States v. Melendez, 389 F.3d 829, 833 n.8 (9th Cir. 2004); United States v. Silva, 247 F.3d 1051, 1060 (9th Cir. 2001) (defendants who, in pleading guilty, waived their right to have a jury determine whether aggravating factors existed "cannot now claim that their sentences are inconsistent with the principle announced in Apprendi.").

3. Discussion

In this case the trial court based petitioner's upper term sentence on the first robbery count upon finding the following four aggravating circumstances: "[1] The crime involved the threat of great bodily injury. [2] The defendant was armed with a weapon, and [3] the crime was premeditated and [4] the crime involved violence indicating the defendant is

dangerous." (RT at 11.) As noted above, only one valid aggravating circumstance must be relied upon in order to uphold an upper term sentence under the Sixth Amendment. Butler, 528 F.3d at 642; Black II, 41 Cal.4th 799; Osband, 13 Cal. 4th at 728. Here, as the California Court of Appeal found, the trial court had factual support for finding at least two of the aggravating factors relied upon (i.e. petitioner was armed with a weapon and his crimes indicated premeditation or planning) based on the description of the offense in petitioner's probation report. (Opinion at 7) (citing Cal. Rules of Court, rules 4.421(a)(2) and 4.421(a)(8)). Indeed, petitioner admitted both of these aggravating factors is his statement to the probation officer which was included in the presentence report. (CT 44-47; 58-71.) The only remaining question is whether the trial court's reliance on the probation report in imposing the upper term sentence was, as petitioner suggests, improper. This court concludes that it was not and rejects petitioner's claim to the contrary.

        Petitioner expressly waived his Sixth Amendment right to a jury trial as a condition of his plea agreement. (CT at 25; RT at 2.) The governing rule is that expressed by the United States Supreme Court in Blakely, "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact-finding. [Citations.]" 542 U.S. at 310.[5] See also Silva, 247 F.3d at 1060. In additional to a general waiver of his Sixth Amendment right to a jury trial, in entering his no contest pleas petitioner stipulated that "the court may take facts from probation reports, police reports or other sources as deemed necessary to establish the factual basis" for his plea. (CT at 24.) Petitioner also specifically acknowledged that he understood that his sentence was "to be determined solely by the superior court judge." (Id. at 27.) Moreover, he entered a broad Harvey waiver pursuant to which he stipulated that "the sentencing judge may consider my

---

[5] Notably, petitioner entered his no contest plea in the underlying case approximately twenty-two months after Blakely was decided. Therefore, there can be no colorable argument that the significance of the broad Harvey waiver in this case was unanticipated.

1  prior criminal history and the entire factual background of the case . . when . . . imposing
2  sentence." (Id.)  Thus, in drawing upon petitioner's probation report for facts establishing
3  aggravating factors supporting an upper term sentence, the trial judge did no more than that
4  which petitioner had agreed to under the terms of his plea bargain.  See United States v.
5  Buonocore, 416 F.3d 1124, 1138 n. 1 (10th Cir. 2005) ("[A] valid waiver of Apprendi rights
6  would allow a sentencing court to make a factual determination that may result in a defendant
7  receiving a sentence beyond the relevant statutory maximum sentence that the guilty plea itself
8  supports."); see also Munoz v. McDonald, No. 2:08-cv-2289 WBS JFM HC, 2010 WL 4054096,
9  at *8 (E.D. Cal. Oct. 15, 2010) (rejecting petitioner's Apprendi/Blakely claim based upon his
10 entry into a broad Harvey waiver where the sentencing court relied upon petitioner's admissions
11 reflected in the probation report in imposing the upper term); Stafford v. Sisto, No. C 08-3549
12 WHA (PR), 2010 WL 431907, at *3 (N.D. Cal. Feb 2, 2010) ( Apprendi/Blakely claim rejected
13 because  petitioner had waived in his plea agreement any right to a jury trial on aggravating
14 factors relied upon by the court in imposing the upper term); Williams v. Kramer, No. 2:07-CV-
15 0667-JLR, 2009 WL 2424582, at *9 (E.D. Cal. Aug. 6, 2009) (Apprendi/Blakely claim rejected
16 where petitioner waived the right to a jury trial with regard to one aggravating factor and
17 admitted two others).

18         Petitioner's claim that the trial judge improperly imposed consecutive one-year
19 sentences on the remaining five counts of conviction is meritless for the same reason.  In his plea
20 agreement, petitioner stipulated that "[m]y attorney has explained to me that other possible
21 consequences of my plea(s) . . . may be . . . (a) consecutive sentences." (CT at 26.)  Petitioner
22 stipulated that he understood he could serve a maximum sentence of ten years in state prison
23 (id.), which is the very  sentence he received.  The trial judge's reasoning that consecutive one-
24 year sentences was appropriate for the five robberies that "involved separate acts of violence or
25 threats of violence and . . . were committed different times or places" (RT at 11) came well
26 within its discretion to impose sentence as spelled out in the terms of petitioner's plea agreement

as described above.

There is no dispute that petitioner comprehended the terms of his plea bargain, including the broad <u>Harvey</u> waiver that he entered. (CT at 27.)  Petitioner may not now contest the trial court's findings based on precisely those facts encompassed by the plea bargain and waiver that he entered into.  For the foregoing reasons, the state court's decision upholding petitioner's sentence was reasonable and not contrary to clearly established federal law. Accordingly, petitioner is not entitled to federal habeas relief with respect to his claim of sentencing error.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus (Doc. No. 1) is denied.

Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).  For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability will not be issued.

DATED: November 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
sull1326.hc